30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James F. REAVES, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-6027.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1994.
 
 Before: MERRITT, Chief Judge; NORRIS and GUY, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff appeals from the Secretary's denial of his claim for social security benefits. Plaintiff suffers from chronic back and leg pain which has some physical basis but which is largely psychologically induced. He contends that the ALJ failed to consider the psychological basis for his pain and improperly denied his claim. He also claims that the district court erred in requiring that his mental ailment meet the criteria for a listed impairment under the regulations. For the reasons set forth below we find both claims to be without merit and affirm the decision of the district court.
 
 
 2
 * * *
 
 
 3
 * * *
 
 
 4
 Plaintiff appealed the ALJ's decision in district court, and the case was referred to a magistrate judge. After the magistrate filed his report and recommendation the plaintiff filed six pages of objections. Judge Morton adopted the magistrate's report in a two sentence memorandum without comment, analysis, oral argument or other indication of engaging in a careful review process. Had the plaintiff failed to file the objections he would have waived his right to challenge the magistrate's findings on appeal. Having filed them in the appropriate fashion the district court should have addressed them. But, since we review the district court's grant of summary judgment de novo, in the interest of judicial economy we will consider plaintiff's objections ourselves rather than remand the case back to Judge Morton for appropriate consideration.
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 Plaintiff was involved in an automobile accident on August 22, 1983 and claims to suffer from chronic back and leg pain as a result of this accident. He is limited in his ability to walk, is unable to bend, stoop or lift heavy objects and has difficulty sitting for extended periods of time. Numerous medical examinations have revealed few physical causes for plaintiff's pain. Four doctors have noted that plaintiff's pain has some psychological cause and one doctor has suggested that plaintiff suffers from "conversion hysterical disorder." Despite his complaints of severe pain, plaintiff has been able to pursue a college degree in secondary education and commute 42 miles per day.
 
 
 8
 Plaintiff submitted his application for Title II and Title XVI disability benefits in July, 1989.[1] When his claims were denied he requested a hearing before an Administrative Law Judge. A hearing was conducted on March 12, 1991 and the ALJ found that although plaintiff's impairments prevented him from resuming his previous employment he had sufficient residual capacity to do other work and therefore he was not disabled. An Appeals Council denied review of the decision and plaintiff sought review in the district court. On cross motions for summary judgment the magistrate judge recommended granting the Secretary's motion. The district court accepted the magistrate's report and recommendation over plaintiff's objections and granted the Secretary's motion.
 
 
 9
 Our review of the ALJ's decision is limited to determining whether it is supported by substantial evidence and based on the proper legal standards. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989). "We do not review the evidence de novo, make credibility determinations nor weigh the evidence." Id. We review the district court's grant of summary judgment de novo. Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 10
 Plaintiff first contends that the ALJ's decision is not supported by substantial evidence because the ALJ did not consider the psychological basis for his pain as the regulations require. See 20 C.F.R. Sec. 404.1529. An individual is determined to be disabled for the purposes of social security benefits if (1) he has an impairment that is listed in the regulations and he is not substantially gainfully employed or (2) his impairment is so severe that he does not have the residual functional capacity to perform other work. 20 C.F.R. Sec. 404.1520. In the Sixth Circuit, subjective complaints of pain may support a claim for disability if there is objective medical evidence of an underlying medical condition and either (1) "objective evidence confirms the severity of the alleged pain arising from the condition," or (2) "the objectively established medical condition is of such severity that it can reasonably be expected to produce disabling pain." Duncan v. Secretary of Health and Human Servs., 810 F.2d 847, 853 (6th Cir.1986). See also, McCormick v. Secretary of Health and Human Servs., 861 F.2d 998, 1002-1003 (6th Cir.1988) (explaining that Duncan continues to apply even though it was based partially upon a temporary statute).
 
 
 11
 The ALJ found that although plaintiff was not substantially gainfully employed his ailments did not meet the criteria of a listed impairment under the regulations. The listing for "somatoform disorders"--physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms--requires that a claimant's pain result in marked functional limitations and the ALJ found that plaintiff's functional abilities were only slightly restricted. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sec. 12.07. The ALJ also determined that plaintiff's pain was not of a disabling level of severity and that he had the residual functional capacity to perform sedentary work.
 
 
 12
 These findings were based on a number of factors. First of all, the ALJ examined the activities plaintiff has been able to engage in during the period of his alleged disability:
 
 
 13
 Despite the alleged severity of his symptoms and limitations of function, the claimant has been able to attend college and is close to completing a degree in secondary education. He has been able to maintain the substantial commuting ... gone on vacations ... [and] engages in activities around the house....
 
 
 14
 (App. 17) In addition, plaintiff has been able to work during several periods of his alleged incapacity. In December, 1984, he was working three days a week and he had substantial earnings in 1983-1986.
 
 
 15
 The ALJ also determined that the weight of medical evidence indicated that plaintiff's pain was not severe enough to prevent him from working in a sedentary job which allowed him to alternate sitting and standing. Drs. Wood, Polk, Maciunas and Wilburn all indicated that plaintiff could return to work as long as he did not have to lift over 20 lbs. and would be free to alternate sitting and standing. Dr. Campbell found plaintiff to be "totally disabled" but the ALJ noted that this determination was based on burns caused by plaintiff's excessive use of a heating pad, not from the chronic back pain, and that during this period plaintiff was able to continue his college education despite this ailment. The medical reports by Drs. Fowler and Sockwell support plaintiff's claim that he is totally disabled but the ALJ did not fully credit these opinions because they were based entirely on plaintiff's subjective statements.
 
 
 16
 The ALJ also relied on the testimony of a vocational expert, Ms. Bramlett, who testified at plaintiff's hearing that a person of plaintiff's age, education and experience, who needed to alternate sitting and standing, could not walk long distances and could not bend over or lift heavy objects, could perform a limited range of light or sedentary jobs available in the local and national economies, including teaching. Although another vocational specialist, Mr. McCafferty, found plaintiff to be "severely disabled," he also opined that "if [plaintiff] can tolerate this physical stress of sitting and writing and whatever it takes to get him through college ... I think that very possibly he can pursue some degree and become employed eventually."
 
 
 17
 Finally, the ALJ based his decision on his assessment of the plaintiff's credibility: "Mr. Reaves was not as limited as he alleged at his hearing.... I consider claimant's testimony at hearing concerning the severity of his impairments and limitations of function to be not fully credible." (App. 13) Accordingly, the ALJ denied plaintiff's claim.
 
 
 18
 Plaintiff contends that the ALJ did not accord sufficient weight to Dr. Brackin's finding that he suffered from a "conversion hysterical disorder." Plaintiff claims that this diagnosis objectively establishes a medical condition which is of such severity that it can reasonably be expected to produce disabling pain, as required by Duncan. This claim is unpersuasive. Dr. Brackin did not make any finding regarding the severity of the disorder or the extent of the disability that could reasonably result from it. In any event, such a finding would not require the ALJ to determine that plaintiff is disabled, it is merely a prerequisite to such a finding.
 
 
 19
 Plaintiff also takes issue with the following statement by the ALJ:
 
 
 20
 I consider [plaintiff's] testimony regarding his alleged symptoms and limitations exaggerated in the absence of documented medical evidence from which such complaints might reasonably be expected to result."
 
 
 21
 (App. 16) Plaintiff argues that the ALJ improperly required evidence of a physical cause for his pain because he failed to comprehend the nature of his illness which by definition entails an exaggeration of physical problems. Our review of the record indicates that the ALJ did understand the nature of the plaintiff's illness and that the plaintiff simply misconstrues his statement. The ALJ expressly acknowledged that medical evidence indicated a psychological cause for plaintiff's illness: "medical evidence establishes that the claimant has a severe combination of impairments which includes degenerative disc disease, somatic complaints with histrionic and hypochondriacal personality features, and hypertension." (App. 19-20) He did not require medical evidence of a physical cause for plaintiff's pain, he simply found that plaintiff's claim that he was totally disabled could not reasonably be expected to result from these impairments:
 
 
 22
 [Plaintiff] has been noted to be histrionic and hypochondriacal; however, the evidence reveals that his mental condition is not of a disabling level of severity and that the complaints of pain can be ameliorated with treatment.
 
 
 23
 (App. 17). The ALJ expressly recognized that plaintiff's pain was largely the result of mental problems. Nevertheless, he determined that plaintiff exaggerated the severity of the pain he actually experienced and the extent of his disability. This determination is supported by substantial medical testimony, the testimony of vocational experts and the fact that plaintiff has been able to pursue his college degree during the period of his alleged disability.
 
 
 24
 Plaintiff next claims that the district court erred by reviewing only whether or not his ailments met the criteria of a listed impairment without examining, as required by the regulations, whether he had the residual functional capacity to work. Plaintiff correctly states the regulatory requirements: the Secretary must do a residual functional capacity assessment even if a claimant's impairment does not meet or equal the listings. 20 C.F.R. Sec. 404.1520a(c)(3). If a claimant's impairments prevent him from doing any work the Secretary will find him disabled. 20 C.F.R. Sec. 404.1520(f). Plaintiff's claim is without merit because the magistrate did review the ALJ's residual functional capacity assessment.
 
 
 25
 After concluding that plaintiff's pain alone was not sufficiently disabling the magistrate considered whether or not plaintiff's mental condition met the requirements of a listed impairment as a somatoform disorder. 20 C.F.R. Sec. 404 Subpt. P App. 1 Sec. 1207. In order to establish his disability as a somatoform disorder, the plaintiff had to satisfy parts A and B of Sec. 1207. However, regardless of whether or not plaintiff satisfied these requirements he could be considered disabled under another section of the regulations if he did not retain the functional capacity to do other work. During the course of his evaluation, the magistrate stated that plaintiff "must satisfy 'both' elements of Sec. 1207 A and B to be disabled under the Act." Plaintiff contends that this statement indicates that the magistrate improperly required him to meet the requirements of a listing in order to be disabled regardless of his residual functional capacity. We disagree. In the context of his report it seems clear to us that the magistrate meant that plaintiff had to satisfy both sections in order to be disabled under this particular listing, not the entire Act. This conclusion is supported by the fact that after the magistrate determined that the plaintiff did not meet the listing requirements he immediately turned to the issue of residual functional capacity. On pp. 24-25 of his report the magistrate reviewed the ALJ's determination that plaintiff had the residual functional capacity to perform a limited number of sedentary jobs and found it to be supported by substantial evidence. As noted, this determination was based on the ALJ's evaluation of conflicting medical opinions and of plaintiff's activities during the period of his alleged disability, most notably his steady college attendance. Although plaintiff contends that his "activities demonstrate a severe restriction of his capacities" the ALJ came to a contrary conclusion. Our independent review of the record supports his assessment.
 
 
 26
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 Plaintiff filed two prior applications. The first, filed October 16, 1985, was denied and plaintiff did not appeal. After learning that he was a Samuels class member, plaintiff filed another claim which was also denied. Samuels v. Heckler, 668 F.Supp. 656, 664-65 (W.D.Tenn.1986) (giving class members the right to a redetermination of improperly denied benefits). Plaintiff appealed this denial but his folder was lost and the application had to be reconstructed. The present appeal stems from this reconstructed application